IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Michael Leverett and | ) | |
| Sandra G. Leverett, | ) | |
| | ) | NO: 10-37535 |
| Debtors. | ) | Hon. Jack B. Schmetterer |
| Michael Leverett and | ) | |
| Sandra G. Leverett, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adversary No: 11-00040 |
| | ) | |
| BAC Home Loan Servicing, L.P., | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Complaint of Michael Leverett and Sandra G. Leverett, ("Plaintiffs") in this adversary proceeding has come before this Court for hearing upon proper notice. This Court, having reviewed and considered the Complaint and Exhibits filed and being otherwise fully advised in the premises and having entered an Order of Default against the Defendant, BAC Home Loan Servicing, L.P., now makes and enters the following Findings of Fact and Conclusions of Law and separately enters judgment in favor of the Plaintiffs in this matter.

## FINDINGS OF FACT

1. Plaintiffs are the owners of an improved parcel of residential real estate ("Real Estate") commonly known as 4925 N. Austin Avenue, Chicago, Illinois, 60630, and legally described as follows:

Case 11-00040    Doc 11    Filed 03/10/11    Entered 03/11/11 09:29:28    Desc Main
                    Document      Page 2 of 4

11-00040:6.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 3/1/2011 2:23:12 PM by:Melanie Pennycuff Page 2 of 4

LOT 329 AND THE SOUTH 5 FEET OF LOT 328 IN WILLIAM ZELOSKY'S COLONIAL GARDENS, A SUBDIVISION OF THE WEST FRACTIONAL ½ OF THE SOUTHEAST FRACTIONAL ¼ OF FRACTIONAL SECTION 8, TOWNSHIP 40 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PIN: 13-08-417-085

2. The Real Estate is the Plaintiffs' principal residence.

3. An independent Comparative Market Analysis was prepared by ERA Realife Realty establishing the value of the Real Estate to be $240,916.

4. There is a first mortgage lien on the Real Estate held by Fannie Mae and as of the date of the filing of the underlying bankruptcy case there was due and owing on said first mortgage at least the amount of $284,035.40.

5. The amounts due and owing on the first mortgage exceed the value of the Real Estate at the time of the filing of the underlying Chapter 13 bankruptcy case.

6. The Defendant holds a mortgage lien on the Real Estate which is subordinate to the Fannie Mae lien.

## CONCLUSIONS OF LAW

1. Jurisdiction lies under 28 U.S.C. §1334(b) to adjudicate, approve and enforce the Debtors' efforts by a Chapter 13 Plan to determine through confirmation and completion of such Plan that the Defendant's junior mortgage debt will no longer be secured.

Case 11-00040  Doc 11  Filed 03/10/11  Entered 03/11/11 09:29:28  Desc Main
Document      Page 3 of 4

11-00040:6.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 3/1/2011 2:23:12 PM by:Melanie Pennycuff Page 3 of 4

2. This is a core proceeding under 28 U.S.C. §157(b)(2)(k) to determine the validity of a lien and is a proceeding to value the Defendant's claim under Bankruptcy Rule 3012.

3. Pursuant to 11 U.S.C. §1332, a lien upon residential real estate which is the debtors' principal residence cannot ordinarily be modified. A wholly unsecured lien can however be avoided and cancelled and may thereafter be eliminated through a Chapter 13 Plan. *See* First Bank Inc. v. Van Wie, 2003 WL 1563959 (S.D. Ind. 2003). Under §1332, there cannot be any equity securing the lien at the time of valuation, and the lien must be wholly unsecured to be avoided and cancelled. At the time of the filing of the Debtors' Chapter 13 Plan, the amounts due and owing on the first mortgage lien exceeded the value of the Real Estate; therefore, the Defendant's mortgage lien is wholly unsecured and may be avoided and cancelled.

4. The Defendant's lien has been proven to be wholly unsecured and, pursuant to 11 U.S.C. §506, can be cancelled upon successful completion of the Debtors' Chapter 13 case.

5. The secured claim of the Defendant against the Real Estate commonly known as 4925 N. Austin Avenue, Chicago, Illinois, 60630, is valued at zero.

6. The Plaintiffs are entitled to an Order declaring that, upon successful completion of the Debtors' Chapter 13 Plan and entry of debtors' discharge, the lien of the Defendant will be rendered null and void. The

Court retains jurisdiction to enter orders in aid of this judgment after the debtors' discharge.

Date: 3/10/11

ENTER:

_____
United States Bankruptcy Judge